UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

DAMIEN A. SUBLETT                                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:12CV-P180-R

RANDY WHITE *et al.*                                                      DEFENDANTS

### MEMORANDUM AND ORDER

Plaintiff Damien A. Sublett filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on Plaintiff's motion to amend the complaint to add a third claim alleging a violation of the Eighth Amendment (DN 7). He also filed a memorandum in support of his third claim (DN 9). Plaintiff seeks to add claims against existing Defendant Randy White, Warden of Kentucky State Penitentiary (KSP), and newly-named Defendants John C. Davis, Correctional Officer; Billy Kemble, Sergeant; Larry Cranor, Lieutenant; and Randy Roberson, Lieutenant.

Plaintiff is a prisoner proceeding *in forma pauperis*, and any claim must therefore be reviewed pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Therefore, the Court will first determine if the proposed claims survive initial review to determine whether the instant motion to amend should be granted.

### I.

Plaintiff states that on November 22, 2012, Davis saw that Plaintiff had on his desk a picture of President Obama. Plaintiff states that Davis, Kemble, and Cranor ordered him to strip naked and that he complied. The officers then proceeded "to strip Sublett's cell, empty, Blanket, Sheets, all clothing, and bedding material." All that remained in the cell was a two-inch thick mattress. Plaintiff states that the following day he pleaded with Roberson to allow him to have

his clothes or a sheet and a cup but Roberson refused.  In addition, Davis would not give him

toilet paper.  Plaintiff states that he could not wipe himself and had to use his hands to drink

water.  He states that this continued for 48 hours.

Plaintiff states that these actions amounted to cruel and unusual punishment in violation

of the Eighth Amendment.  He further states that Defendant Warden White has since stopped

this conduct from occurring in cell house three because it is supposed to be used as a method to

prevent suicide and not for punishment of inmates.

Plaintiff also filed a memorandum in support of this claim wherein he reiterates the

factual allegations concerning the incident and states that the incident was a violation of 42

U.S.C. § 1985(3) and caused him emotional distress.

## II.

To establish an Eighth Amendment violation based on the conditions of confinement, a

prisoner plaintiff must show that the conditions resulted in "extreme deprivations" of basic

necessities. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).  Depriving an inmate of sheets,

clothing, and toilet paper for a forty-eight hour period does not rise to the level of an Eighth

Amendment violation. *See Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (no

constitutional violation where prison officials failed to provide prisoner with toilet paper for five

days, and with soap, toothbrush, and toothpaste for ten days); *McNatt v. Unit Manager Parker*,

No. 3:96CV1397, 2000 U.S. Dist. LEXIS 20468, at *4 (D. Conn. Jan. 18, 2000) (No Eighth

Amendment violation occurred when inmates endured stained, smelly mattresses, unclean cells,

no bedding for six days, no cleaning supplies for six days, no toilet paper for one day, no

toiletries or clothing for six days, no shower shoes, water that did not function properly, and

smaller food portions); *Gilland v. Owens*, 718 F. Supp. 665, 685 (W.D. Tenn. 1989) ("Short term

deprivations of toilet paper, towels, sheets, blankets, mattresses, toothpaste, toothbrushes and the

like do not rise to the level of a constitutional violation.").

Moreover, Plaintiff does not state that he suffered any physical injury from the incident

other than emotional distress.  An inmate may not seek damages for emotional distress or mental

suffering without a prior showing of a physical injury.  42 U.S.C. § 1997e(e); *see Adams v.*

*Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191,

193 (5th Cir. 1997)); *Antonelli v. Walters*, No. 07-219-GFVT, 2009 U.S. Dist. LEXIS 29396, at

*49 (E.D. Ky. Mar. 31, 2009).  Since Plaintiff has not established a physical injury he cannot

recover damages for any emotional distress he suffered.

Likewise, Plaintiff cannot state a claim under 42 U.S.C. § 1985(3).  The Sixth Circuit has

held that a viable 42 U.S.C. § 1985(3) claim must contain:

> (1) [A] conspiracy involving two or more persons (2) for the purpose of depriving,
> directly or indirectly, a person or class of persons of the equal protection of the laws
> and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or
> property, or a deprivation of any right or privilege of a citizen of the United States.

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994) (*citing Hilliard v.*

*Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)).  A plaintiff  "must also establish that the

conspiracy was motivated by a class-based animus." *Johnson*, 40 F.3d at 839.  Additionally, the

alleged conspiracy must "be pled with some degree of specificity and . . . vague and conclusory

allegations unsupported by material facts will not be sufficient to state such a claim." *Center for*

*Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007) (quoting

*Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)).

Plaintiff has failed to plead the "class-based animus" element because he has failed to allege that he suffered a deprivation because of his membership in a discrete and insular minority, such as race, national origin, or gender. *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994). Nor has he put forth specific facts indicating there was a conspiracy motivated by class-based, invidiously discriminatory animus. *Bartell v. Lohiser*, 215 F.3d 550, 559-60 (6th Cir. 2000).

**III.**

For the foregoing reasons, the instant claims would not survive initial review under 28 U.S.C. § 1915A and *McGore*, 114 F.3d at 604. Therefore, **IT IS ORDERED** that Plaintiff's motion to amend the complaint (DN 7) is **DENIED**.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Counsel of record
4413.010