UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

DAMIEN A. SUBLETT                                                       PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:12CV-P180-R

RANDY WHITE *et al.*                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Damien A. Sublett filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**I.**

Before conducting initial screening, however, the Court will address several documents filed by Plaintiff subsequent to filing the complaint in which Plaintiff alleges additional facts and/or claims. Plaintiff filed a "Memorandum In Support of Claim(s) two (2) and Addendum; Claim (1) one . . . ." (DN 5). While the filing is not entirely clear, the Court will construe it as a motion to amend the complaint. Upon review, **IT IS ORDERED** that the motion to amend the complaint (DN 5) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1).

In addition, Plaintiff filed a motion for preliminary injunction (DN 8), a reply in support of the motion for preliminary injunction (DN 14), and reply to Defendants' sur-reply (DN 18). In these filings he makes factual allegations not alleged in the complaint concerning a "hit" placed on his life by Level 5 prisoners in a white supremacist prison gang. This motion was fully briefed by the parties and was denied by separate Memorandum and Order (DN 19) for the reasons stated therein. However, because the motion and reply briefs contain additional facts not contained in the complaint or amendment, the Court will construe them as motions to amend the

complaint.  **IT IS ORDERED** that, to the extent the motions (DN 8, 14, and 18) seek to amend the complaint, they are **GRANTED**.  *See* Fed. R. Civ. P. 15(a)(2).

Upon initial review of the complaint and amendments, for the reasons that follow, some of Plaintiff's claims will be dismissed and some will be permitted to proceed for further development for the reasons that follow.

## II.

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP).  He sues KSP Warden Randy White; Deputy Warden of Program Duke Pettit; Unit Administrator Bruce Von Dwigelo; Correctional Treatment Officer Daniel Smith; and Lieutenant James Beavers.  He sues each Defendant in his individual capacity only.

Plaintiff's "Claim (1)" states that Defendants deprived him "of his Statutory due process right under KRS 197.065; 'Classification and Segregation of prisoners in penal institution.' By intergrating, plaintiff, a Level (3) prisoner, with Level (5) prisoners.  In violation of KRS 197.065."  He states this is a violation of the Fourteenth Amendment's Due Process Clause.

In "Claim (2)" Plaintiff states that he filed a previous 42 U.S.C. § 1983 action in this Court against KSP officials.  On October 23, 2012, he prepared a motion to be filed in that action addressed to the Court and gave it to a prison staff member for mailing.  Plaintiff states that Defendant Smith "intercepted Sublett's legal mail, and placed a notation on it" and placed it in the desk where it was found.  Plaintiff states, "Plaintiff legal mail never made it out of the institution."  He later filed a complaint with KSP's Internal Affairs concerning the mailing.  He states that an Internal Affairs officer conducted an investigation and corrections officer Wilson "stated that he did find Sublett's legal mail in the c/o desk."  Wilson stated that he retrieved the

legal mail from the desk and gave it back to Plaintiff four days after Plaintiff gave the legal mail to Defendant Smith.  He also states that "c/o Howard, stated, he picked up Sublett's legal mail and it was placed in the cage operator's mailing bag, to be forwarded to the mail room.  Out going."  Plaintiff further states that "c/o Wilson was repremended for givening Sublett, his legal mail to Sublett."  Plaintiff states that his First Amendment right of access to the courts has been violated.

Plaintiff amended his first claim to state that integrating Level 3 inmates with Level 5 inmates violates the Equal Protection Clause, as well as Ky. Rev. Stat. § 197.065.  He also amended his second claim to state that his legal mail was censored under a KSP policy that requires indigent inmates to give legal mail to the mailroom unsealed so that it can be verified. He states that this is a violation of the First Amendment and the Equal Protection Clause.  He also attaches a memorandum addressed to him from Defendant Von Dwigelo stating that his legal mail must be given to the mailroom staff unsealed for inspection because he is an indigent prisoner.

Plaintiff further amended the complaint to add factual allegations concerning a "hit" placed on him by Level 5 prisoners in a white supremacist prison gang.  He states that he "has been extorted by way of food and labor in order to be allowed to come out of his cell for recreation."  He states that he has lost 33 pounds "for lack of food, because Plaintiff pay with food because Plaintiff has no money."  Plaintiff further states that the white supremacist prison gang is "now seeking sexual payments" but he has refused because of fear of HIV or AIDS.  He states that he informed Defendants Von Dwigelo, Beaver, Smith, Pettit, and White, as well as

3

several non-Defendant KSP staff members, about the threat of a "hit" by the white supremacist prison gang and that they did not transfer Plaintiff to another prison unit.

As relief, he seeks compensatory and punitive damages and injunctive relief.

### III.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV.

### *Housing classification*

Plaintiff claims that he is classified as a Level 3 inmate but is being housed with Level 5 inmates.[1] He argues that this amounts to a denial of due process and a violation of Ky. Rev. Stat. § 197.065. However, a prisoner does not have a constitutional right to be housed in any particular facility or to be assigned to a certain classification. *See Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003); *Williamson v. Campbell*, 44 F. App'x 693 (6th Cir. 2002) (holding that a prisoner has no constitutional right to be confined in a particular institution or to

---

[1] In an affidavit filed by Defendant Pettit, Petit stated that Level 3 inmates are medium-security inmates and that Level 5 inmates are maximum-security inmates.

enjoy a certain classification). Therefore, the integration of Level 3 and Level 5 inmates does not give rise to a constitutional claim.

Moreover, while Plaintiff claims that Defendants have violated Ky. Rev. Stat. § 197.065, the failure of prison officials to follow state statutes or institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation.").

Plaintiff also alleges that integrating Level 3 inmates with Level 5 inmates is a violation of the Equal Protection Clause. However, to sustain an equal protection claim, a plaintiff must allege, in part, that the defendant intentionally discriminated against him because he was a member of a protected class. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996). Plaintiff has not alleged that he is a member of any protected class or that Defendants integrated him with Level 5 inmates because of his membership in a protected class. Neither prisoners nor any classification of prisoners are a suspect class subject to the protection of the Equal Protection Clause. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997); *see also United States v. King*, 62 F.3d 891, 895 (7th Cir. 1998).

Therefore, Plaintiff's claims concerning the integration of Level 3 inmates with Level 5 inmates fail to state a claim upon which relief may be granted and will be dismissed.

### *Failure to protect and denial of recreation*

Plaintiff also alleges that he has a "hit" placed on him by Level 5 prisoners in a white supremacist prison gang and that he has had to pay these inmates in food to go to recreation causing him to lose 33 pounds and to be denied recreation. He further alleges that he informed

6

Defendants Von Dwigelo, Beaver, Smith, Pettit, and White of these circumstances and they took no action.

Prison officials have a duty under the Eighth Amendment "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Furthermore, a total deprivation of recreation may violate the Eighth Amendment. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). While the Court found that Plaintiff failed to meet the standard of proof necessary for obtaining emergency injunctive relief, upon review, the Court will allow Plaintiff's claims of failure to protect and denial of recreation to proceed for further development against Defendants Von Dwigelo, Beaver, Smith, Pettit, and White. In doing so, the Court passes no judgment on the ultimate merit of these claims.

*Legal mail*

Plaintiff states that Defendant Smith intercepted his legal mail and that, as an indigent prisoner, he must give his legal mail to the mailroom unsealed so that it can be verified as legal mail according to KSP policy. He attaches a memorandum from Defendant Von Dwigelo stating that his legal mail must be given to the mailroom staff unsealed for inspection because he is an indigent prisoner. In certain situations, opening a prisoner's legal mail outside of his presence can violate the First Amendment. *See Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003). Upon review, the Court will allow Plaintiff's First Amendment claims concerning his legal mail to go forward against Defendants Smith and Von Dwigelo. The Court passes no judgment on the outcome of these claims.

However, to the extent Plaintiff alleges that interference with his legal mail violates the Equal Protection Clause, the claim fails. Plaintiff states that his legal mail is opened because of his status as an indigent prisoner. However, indigent prisoners are not a protected class subject

7

to the Equal Protection Clause. *Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigence is not a suspect class for an equal protection claim); *Hampton v. Hobbs*, 106 F.3d at 1286 (indigent prisoners are not a suspect class). Therefore, Plaintiff's claims that the opening of his legal mail violated the Equal Protection Clause will be dismissed for failure to state a claim.

**V.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's § 1983 claims concerning the integrating of Level 3 and Level 5 inmates and claims for violation of the Equal Protection Clause concerning the opening of his legal mail are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order governing the development of the claims that have been permitted to proceed.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Counsel of record
4413.010