UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00180-R

DAMIEN A. SUBLETT                                                              Plaintiff

v.

RANDY WHITE, et al.                                                          Defendants

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiff's Motion for Appointment of Counsel. (Docket No. 93.)  For the following reasons, the Court will **DENY** Plaintiff's Motion for Appointment of Counsel.  (Docket No. 93.)

Plaintiff Damien Sublett has moved to strike and/or dismiss Defendants' motion for summary judgment.  (Docket Nos. 95, 105.)  Defendants have responded to the Motion to Strike. (Docket No. 101.)  Plaintiff has replied.  (Docket No. 108.)  For the following reasons, the Court will **DENY** Plaintiff's Motions to Strike and/or Dismiss Defendants' Motion for Summary Judgment.  (Docket Nos. 95, 105.)

Defendants James Beavers, Duke Petit, Daniel Smith, Garth Thompson, Bruce Von Dwingelo, Randy White, Earnest William, and Chris Wilson have made a Motion for Summary Judgment.  (Docket No. 92.)  For the following reasons, the Court will **GRANT** Defendants' Motion for Summary Judgment.  (Docket No. 92.)

Plaintiff has moved for reconsideration of the Court's prior Memorandum Opinion and Order at Docket No. 85 granting in part Defendants' Motion for Summary Judgment.  (Docket

Nos. 94, 98.)  Defendants have responded.  (Docket Nos. 100, 103.)  Plaintiff has replied.  (Docket No. 110.)  For the following reasons, the Court will **DENY** Plaintiff's Motions to Reconsider.  (Docket Nos. 94, 98.)

Plaintiff has also moved for reconsideration of the Court's prior Memorandum Opinion and Order at Docket No. 91 denying him summary judgment.  (Docket No. 99.)  Defendants have responded.  (Docket No. 104.)  Plaintiff has replied.  (Docket No. 109.)  For the following reasons, the Court will **DENY** Plaintiff's Motion to Reconsider.  (Docket No. 99.)

Plaintiff has moved to strike the affidavit of Duke Pettit.  (Docket No. 97.)  Defendants have responded.  (Docket No. 101.)  For the following reasons, the Court will **DENY** Plaintiff's Motion to Strike the Affidavit of Duke Pettit.  (Docket No. 97.)

DISCUSSION

Plaintiff's Motion for Appointment of Counsel at Docket No. 93

Plaintiff has made a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1).  (Docket No. 93.)  Appointment of counsel is not a constitutional right in a civil case such as this action brought under 42 U.S.C. § 1983.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Title 28 of the United States Code, Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion.  *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court.  It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792,

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

793 (9th Cir. 1965)).  "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.'  This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel.  Further, based on a review of the documents filed by Plaintiff thus far, it appears that he is articulate and logical in his arguments and familiar with the workings of the legal system, and therefore able to represent himself sufficiently at this time.  Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this time.  Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.  (Docket No. 93.)

Plaintiff's Motions to Strike and/or Dismiss Defendants' Motion for Summary Judgment

Plaintiff moves to strike and/or dismiss Defendants' Motion for Summary Judgment. (Docket Nos. 95, 105.)  Plaintiff points out that the Revised Scheduling Order, (Docket No. 49, at 4), states that "[a]ll dispositive motions shall be filed no later than February 17, 2014," and that Defendants' Motion for Summary Judgment was filed on June 25, 2014.  However, in a subsequent Order, the Court stated that *all* dispositive motions were to be filed by June 26, 2014. (Docket No. 87.)   In any event, the Court, in its discretion, will permit consideration of Defendants' Motion for Summary Judgment.  Therefore, the Court will **DENY** Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment.  (Docket No. 95.)

Plaintiff has also moved to strike and/or dismiss Defendants' Motion for Summary Judgment based on "doctrines of res judicata and collateral estoppel."   (Docket No. 105, at 1.)

The crux of Plaintiff's argument is that the Court has already denied Defendants summary judgment and they have not moved the Court to reconsider the previous Order. (*Id*. at 1-2.) This argument is not without merit. However, as will discussed further below, while Defendants' have technically labeled their Motion a "Motion for Summary Judgment," the true nature of their Motion is one for reconsideration. The Court will permit consideration of this Motion. Therefore, the Court will **DENY** Plaintiff's Motion to Strike and/or Dismiss Defendants' Motion for Summary Judgment. (Docket No. 105.)

Defendants' "Motion for Summary Judgment" at Docket No. 92

The only claims that remain in this case are the failure to protect claims premised on the failure to place Plaintiff in protective custody against Defendants Beavers, Pettit, Smith, Thompson, Von Dwingelo, White, Williams, and Wilson. (*See* Docket No. 85, Court's Order on Defendants' Motion for Summary Judgment; *see also* Docket No. 92-2, at 2.) In Defendants' prior Motion for Summary Judgment, they argued that these claims were barred by the Prison Litigation Reform Act (PLRA). However, the Court denied in part Defendants' Motion for Summary Judgment as to these claims, and permitted them to proceed. (Docket No. 85.)

In previously denying in part Defendants' Motion for Summary Judgment, the Court noted that the decision to place, or not place, an inmate in protective custody was a decision made by the "Classification Committee" under Corrections Policy and Procedure (CPP) 18.15. (*See* Docket No. 92, Exhibit AA, CPP 18.15, at 1.) Under CPP 14.6, a "[c]lassification decision" is non-grievable and, therefore, the Court found it was not subject to the PLRA. (*See* Docket No. 92, Exhibit BB, CPP 14.16, at 2.) In Defendants' current Motion for Summary Judgment, they concede that "a Classification Committee's decision regarding whether to place an inmate in

protective custody is non-grievable under CPP 14.6." (Docket No. 92-2, at 4.) However, despite this concession, they argue the failure to place an inmate is still subject to the PLRA based on CPP 18.15 I and K. (*Id.* at 4-5.)

This reliance on CPP 18.15 I and K for the proposition that the decision to not place an inmate in protective custody is still subject to the PLRA is a new argument by Defendants. These particular provisions, CPP 18.15 I and K, were not previously brought to the Court's attention, although admittedly they were in the record at the time of the Court's previous decision. (*See* Docket No. 81-1, Exhibit to Declaration by Damien Sublett.) While Defendants have labeled their current motion at Docket No. 92 a "Motion for Summary Judgment," it is essentially a motion to reconsider the Court's prior denial of summary judgment on the failure to protect claims premised on the failure to place Plaintiff in protective custody.

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008); *Johnson v. Dollar Gen. Corp.*, 2:06-CV-173, 2007 WL 2746952 (E.D. Tenn. Sept. 20, 2007). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see Leelanau Wine Cellars Ltd. v. Black & Red, Inc.,* 118 F. App'x. 942, 946 (6th Cir. 2004). Courts will find justification for reconsidering interlocutory orders where there is an "(1) intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). While Defendants should have previously made this argument and/or brought these particular provisions to the Court's attention, the Court will nevertheless now consider the argument and, for the reasons discussed

below, grant Defendants summary judgment on these claims because such reconsideration is necessary to correct a clear error and/or prevent manifest injustice.

The PLRA requires that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 first exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of administrative remedies is mandatory under the PLRA and unexhausted claims cannot be brought in courts. *Jones v. Bock*, 549 U.S. 199, 211 (2007). "To exhaust his administrative remedies, a prisoner must adhere to the institutional grievance policy . . . ." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (citing *Woodford v. Ngo*, 548 U.S. 91, 90-91 (2006)). "'This court requires an inmate to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were sufficient under the circumstances.'" *Id.* (quoting *Napier v. Laurel Cnty., Ky.*, 636 F.3d 1218, 224-25 (6th Cir. 2011)).

Corrections Policy and Procedure 18.15 K states:

> If the inmate disagrees with the decision of the Classification Committee, he may appeal this decision to the Warden or his designee at the conclusion of the hearing.
>
> 1.  The inmate shall appeal the decision to the Warden or his designee by completing the appropriate space on the protective custody form. Institutional staff shall notify the Warden of the appeal.
>
> 2.  A decision may not be appealed beyond the level of Warden.

(Docket No. 92-3, at 3.) Thus, while CPP 14.6 makes a classification decision "non-grievable," CPP 18.15 K permits an inmate to appeal the Classification Committee's decision to the Warden or his designee. Therefore, to properly exhaust his administrative remedies and prevent his

claims from being barred by the PLRA, Plaintiff would have had to appeal his decision to the Warden or his designee under CPP 18.15 K.

Plaintiff does not contend he appealed any decision by the Classification Committee to the Warden, nor has he produced any evidence that such an appeal took place. Moreover, Defendants have filed an affidavit of Deputy Warden Scott Jordan stating that upon his review of relevant records no documents were found indicating Plaintiff appealed a decision by the Classification Committee regarding protective custody. (Docket No. 92-5.) Accordingly, Plaintiff has failed to exhaust his available administrative remedies and his claims that Defendants failed to protect him by not placing him in protective custody are barred under the PLRA.[1] Therefore, the Court will **GRANT** Defendants summary judgment on the failure to protect claims premised on the failure to place Plaintiff in protective custody.[2] (Docket No. 92.)

<u>Plaintiff's Motions to Reconsider at Docket Nos. 94, 98, and 99</u>

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d at 803; *Dollar Gen. Corp.*, 2007 WL 2746952. "A district court may modify, or even rescind, such interlocutory orders." *Mallory*, 922 F.2d at 1282; *see Leelanau Wine Cellars Ltd.*, 118 F. App'x. at 946.

---

[1] Defendants have presented evidence that White, Pettit, Williams, Thompson, and Wilson were not members of the Classification Committee. (*See* Docket No. 92-2, at 6.) Plaintiff does not appear to dispute that these particular defendants are not part of the Classification Committee. As a result, Plaintiff's claims against these particular defendants would have to be based on something other than a failure to place Plaintiff in protective custody—as that is solely a decision by the Classification Committee. (*See* CPP 18.15 E, Docket No. 92-3, at 1.) Therefore, because the Court has previously held that failure to protect claims premised on anything other than a failure to place Plaintiff in protective custody are barred under the PLRA, these particular defendants would be entitled to summary judgment.

[2] It is worth noting that Plaintiff has previously argued that Defendant Wilson failed to protect him because he allegedly did not perform certain tasks, such as placing him in administrative segregation and preparing a detention form. However, this Court previously held that any failure to protect claim, other than ones premised on a failure to place Plaintiff in protective custody, were grievable as "conditions-of-confinement" and, therefore, barred under the PLRA because of Plaintiff's failure to exhaust his administrative remedies. (*See* Docket No. 85, at 14; *see also* Docket No. 90, at 4.) This same reasoning would apply to any argument, to the extent it is being made, that other Defendants did not perform certain tasks, other than failing to place Plaintiff in protective custody.

Courts will find justification for reconsidering interlocutory orders where there is an "(1) intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

The Court has reviewed Plaintiff's Motions for Reconsideration. (Docket Nos. 94, 98, 99.) For the most part, these Motions merely rehash previous arguments made by Plaintiff that the Court has already rejected. There has been no intervening change of controlling law or new evidence available that would justify the Court reconsidering its Orders. Additionally, there is no need to correct a clear error or prevent manifest injustice. Accordingly, the Court will **DENY** Plaintiff's Motions to Reconsider. (Docket Nos. 94, 98, 99.)

<u>Plaintiff's Motion to Strike the Affidavit of Duke Pettit at Docket No. 97</u>

Plaintiff's basis for moving to strike the affidavit of Duke Pettit, (Docket No. 90-2), is that it is "immaterial" because the only claims before this Court are the failure to protect claims premised on the failure to place Plaintiff in protective custody. (*See* Docket No. 97, at 1.) Plaintiff fails to recognize that this Affidavit has been part of the record in this matter since October 2013. (*See* Docket No. 55-5.) At that time, Plaintiff was still making claims based on Wilson's alleged failure to prepare a detention order and move him to administrative segregation. Pettit's Affidavit was relevant because it went to whether Wilson had such authority. Moreover, while Plaintiff purports to recognize that the only claims remaining at this stage of the litigation are the failure to protect claims premised on the failure to place Plaintiff in protective custody, at times he still asserts failure to protect claims premised on actions other than the failure to place

him in protective custody. Accordingly, the Court will **DENY** Plaintiff's Motion to Strike the Affidavit of Duke Pettit. (Docket No. 97.)

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED as follows:

(1)   The Court will **DENY** Plaintiff's Motion for Appointment of Counsel. (Docket No. 93.)

(2)   The Court will **DENY** Plaintiff's Motions to Strike and/or Dismiss Defendants' Motion for Summary Judgment. (Docket Nos. 95, 105.)

(3)   The Court will **GRANT** Defendants' Motion for Summary Judgment. (Docket No. 92.)

(4)   The Court will **DENY** Plaintiff's Motions to Reconsider. (Docket Nos. 94, 98, 99.)

(5)   The Court will **DENY** Plaintiff's Motion to Strike the Affidavit of Duke Pettit. (Docket No. 97.)

IT IS SO ORDERED.

Date:

cc:      Counsel

Plaintiff Damien A. Sublett, *pro se* (#134575)
Green River Correctional Complex
1200 River Road
P.O. Box 9300
Central City, KY 42330-9300